# EXHIBIT B

# DECLARATION BY FINANCIAL ANALYST
# JEFFREY A. FRIEDMAN

I, Jeffrey A. Friedman, a Financial Analyst with the Antitrust Division, United States Department of Justice, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION & DECLARANT BACKGROUND

1. I am a financial analyst with the Antitrust Division, United States Department of Justice. By request, I am available to assist other Divisions within the Department of Justice. My responsibilities relate primarily to the analysis of corporate and financial matters involving complex financial and accounting issues.

2. I have been employed by the Department of Justice since May 1983. I received a Bachelor's Degree from Loyola College in Baltimore, Maryland in 1972. Typically, I am asked to perform an ability to pay analysis in situations where a defendant believes it has insufficient assets and future earnings to pay a settlement amount to the government. Over the years, I have reviewed hundreds of such analyses with respect to corporate and individual defendants. In such cases, a defendant must provide various financial information which I use to analyze and assess an ability to pay claim. Information typically requested for a corporation include three-five years of financial statements and Federal tax returns. Additional documents might be required following an initial review.

3. This declaration is intended to provide information related to the Deferred Prosecution Agreement reached with Fokker Services B.V. ("FSBV"). This declaration does not set forth all of my knowledge about this matter. I have reviewed documents and financial statements in reaching the statements below. The statements contained in this declaration are based on my own observations and document reviews.

## DATA REVIEWED AND ANALYZED

4. The investigation into FSBV's violations of the International Emergency Economic Powers Act included a comprehensive review of FSBV's present financial condition, in particular, FSBV's ability to pay a monetary penalty. To undertake my analysis, I examined FSBV's financial statements from 2009 through October, 2013.

5. In 2012, revenues fell from $358,724,000 in 2009 to $292,475,000, a decrease of 18%. Over that same period, gross profit fell by 22%, from $101,722,000 to $79,786,000,

1

while net profit fell from $31,739,000 in 2009 to (-$25,687,000) in 2011, from which it recovered somewhat to a positive net profit of $643,000 in 2012. The end-of-year cash balance dropped 40% from $41,001,000 in 2009 to $24,526,000 in 2012. Despite previously paying dividends, none have been issued since 2010.

### FINANCIAL ASSESSMENT

6. FSBV's net profit, recovering from a $25,687,000 loss in 2011 to a profit of less than one million in 2012, is a positive sign but may be a result of cost savings since both gross profit and revenues have declined significantly, notwithstanding a small uptick in 2012. The company's long-term debt in the form of loans from its parent company received to maintain operations have remained a substantial liability and, given the decline in profit and revenue, repayment would pose a significant hardship.

7. FSVB's low cash balance and cessation of dividend payments are further indicators of a tenuous financial condition. The proposed forfeiture amount is already greater than cash and net profits combined.

### GENERAL CONCLUSIONS

8. Based on the above discussion, it is my opinion that a $10.5 million forfeiture amount is an appropriate penalty for FSBV and within the company's ability to pay, but which falls at the high end of the company's ability to pay. I believe a larger penalty could impose financial difficulties rendering impossible receipt of any payment by the Department of Justice.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed on July __1__, 2014.

_____
Jeffrey A. Friedman